IN THE MATTER OF STANLEY S. GILBERT.

[No. 377S183. Filed May 19, 1978.]

*Robert J. Fair,* of Princeton, for respondent.

*Sheldon A. Breskow, David L. Copenhaver,* of Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM—This cause is now before this Court on a Conditional Agreement for Discipline submitted by the parties pursuant to Admission and Discipline Rule 23, § 11(d).

The agreed facts establish that the Respondent in this cause acted as attorney for Mr. Thomas L. Taggart, Sr., during his lifetime, and had a close, personal relationship with Taggart and his minor son. At the time Taggart died, however, the Respondent was not employed by the decedent as to any pending legal matter.

When Taggart died, the mortuary found Respondent's professional card in Taggart's personal effects and contacted the Respondent. The Respondent furnished information concerning the family's location and the mortuary forwarded to the Respondent the keys to the decedent's safe-deposit box. Thereafter, the Respondent, accompanied by the Assessor, opened the deposit box and took possession of the contents, consisting solely of an insurance policy in the amount of $1,000 dollars payable to the decedent's son. Additionally, the bank gave the Respondent a check for $210.35, representing the remainder of two checking accounts and a refund on the safe-deposit box rental. When the heirs became aware of the Respondent's acts, they demanded possession of the property. Respondent advised the heirs of the property he possessed, but refused to turn it over to the heirs.

In light of the above agreed facts, this Court now finds that the Respondent, by assuming control over estate assets without obtaining appropriate legal authority, engaged in conduct involving misrepresentation and, thereby, violated Disciplinary Rule 1-102(A)(4) of the Code of Professional Responsibility.

Considering the misconduct of the Respondent as well as the mitigating matters which have been presented in the conditional agreement, this Court now accepts the agreed discipline. It is, therefore, ordered that the Respondent be, and he hereby is, suspended from the practice of law in the State of Indiana for a period of not less than sixty (60) days,

beginning June 15, 1978, and the respondent pay the costs of this disciplinary proceeding.

It is further ordered that the Respondent, subject to the provisions of Admission and Discipline Rule 23, § 4(b), shall be automatically reinstated as an attorney following completion of the period of suspension.

NOTE.—Reported at 375 N.E.2d 1111.